UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONNY JASON BAUER, #164679** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4595** |
| **MICHAEL SOMOZA, ET AL.** | **SECTION: "A"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Tonny Jason Bauer, a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983. He sued Public Defender Michael Somoza, Judge Ellen Kovach,[1] Jefferson Parish District Attorney Paul Connick, Jr., Assistant District Attorney Kristina Fisher, Assistant District Attorney Anne Wallis, and Leon Russo. Plaintiff seeks to hold the defendants liable for their various actions and inactions in his state criminal prosecution.

### I.  Mandatory Screening Provisions

Plaintiff filed this action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if

---

[1] This defendant is incorrectly named in the complaint as **Eileen** Kovach.

feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

---

[2] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Although broadly construing the complaint,[3] the undersigned recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for the following reasons.

## II. Plaintiff's Claims

Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

In his complaint, plaintiff stated his claims as follows:

> Leon Russo fed lies to my court appointed attorney that I am a mental case. Michael Somoza has had me assigned to the sanity commission for the past two years, and only visited me twice to discuss my case. Drs. Richaud, Salcedo, and Delaune have found me both sane & competent. If Leo keeps me in jail he gains about $20,000 of household furniture I recently purchased from Comeaux furniture. I am being denied my 6th Amendment Right to due process. I've given Michael Somoza details about my case that are entrapment, being Somoza is an ex officer in Jefferson Parish he refuses to fight my case this way because he would be incriminating one of his own. Michael promised me October of last year we would

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

> be going to trial and I have not heard from him or seen him since. I hold Judge Kovach, Kristina Fisher, Paul Connick Jr. & Anne Wallis accountable for trying to prosecute me illegally, being the two years has expired to bring me to trial in further violation of my 6th Amendment right to due process to a jury trial of my peers. La Code of Criminal procedure clearly states a case must be quashed and dismissed after the two years have expired. Further in my case there has been nothing to interrupt or suspend the time.[4]

### A. Public Defender Michael Somoza

Plaintiff's claim against his public defender, Michael Somoza, is essentially that he is not providing the effective assistance of counsel required by the United States Constitution. However, that § 1983 claim fails because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, ineffective assistance of counsel claims against a public defender simply are not cognizable in a § 1983 action. Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) ("Hudson's claims against Hughes for ineffective assistance is not cognizable in this section 1983 action because his attorney is not a state actor."); see also O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972) ("[I]n our opinion [§ 1983] was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys."). Accordingly, the claims against Somoza should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

### B. Judge Ellen Kovach

Plaintiff sued Twenty-Fourth Judicial District Court Judge Ellen Kovach because she is the judge presiding over his state criminal proceedings. For the following reasons, the claims against Judge Kovach must be dismissed.

---

[4] Rec. Doc. 1, pp. 5-6.

4

Any claims against Judge Kovach in her individual capacity are barred by her absolute judicial immunity. As was thoroughly explained by former United States Magistrate Judge Joseph C. Wilkinson in a Report and Recommendation subsequently adopted by United States District Judge Lance M. Africk:

> For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citing Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).
> 
> In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.
> 
> The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F.Supp.2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against [a state judicial officer]. Tesmer v. Granholm, 114 F.Supp.2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F.Supp.2d at 210.
> 
> Furthermore, to whatever extent, if any, that [a plaintiff] seeks an order … directing the judge to take action concerning [the] plaintiff's state court proceedings, a federal court has no power to direct a state court or its judicial

5

> officers in the performance of their duties when mandamus is the only relief sought. *In re* Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S.Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.).  [A federal] court is without authority to order officials of the state court having jurisdiction over [a] plaintiff's criminal case to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Hood v. Commissioner Foil, Civ. Action No. 15-5853, 2013 WL 6174614, at *3 (E.D. La. Nov. 21, 2013); accord Gemelli v. Louisiana, Civ. Action No. 19-13424, 2020 WL 3317033, at *6-7 (E.D. La. Apr. 29, 2020), adopted, 2020 WL 3297078 (E.D. La. June 18, 2020), appeal dismissed, No. 20-30426, 2021 WL 7953176 (5th Cir. Oct. 13, 2021).

Moreover, if plaintiff is attempting to assert any claims against Judge Kovach in her official capacity, those would in reality be claims against the state itself – and, as such, they would be barred by the Eleventh Amendment.  See Rackley v. Louisiana, Civ. Action No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007) (holding that the Eleventh Amendment bars official-capacity claims against a state court judge).

Accordingly, for all of these reasons, plaintiff's § 1983 claims against Judge Kovach should be dismissed.  If plaintiff is aggrieved by Judge Kovach's rulings, his recourse is to seek review of her rulings in the state courts – not to file a federal civil rights lawsuit against her in federal court.

### C.  Jefferson Parish District Attorney Paul Connick, Jr., Assistant District Attorney Kristina Fisher, and Assistant District Attorney Anne Wallis

Plaintiff's claims against Jefferson Parish District Attorney Paul Connick, Jr., Assistant District Attorney Kristina Fisher, and Assistant District Attorney Anne Wallis fare no better for the following reasons.

Any claims against those defendants in their individual capacities are barred by their absolute prosecutorial immunity.  As the United States Fifth Circuit Court of Appeals has explained:

> A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process. …
>      … Our decisions applying those of the Supreme Court make clear that prosecutors enjoy absolute immunity for acts taken to initiate prosecution, and that this absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently.

Loupe v. O'Bannon, 824 F.3d 534, 539 (5th Cir. 2016) (citations, quotation marks, and brackets omitted).

Absolute prosecutorial immunity is therefore sweepingly broad.  "[T]he Fifth Circuit has held prosecutors absolutely immune for actions ranging from withholding exculpatory evidence, disobeying discovery orders, and fabricating evidence, to charging without probable cause pursuant to a constitutionally deficient indictment, and committing prosecutorial misconduct." Willis v. Bastrop County, No. A-18-CV-0093, 2019 WL 252051, at *5 (W.D. La. Jan. 17, 2019) (citing Green v. Texas Government, 704 F. App'x 386, 386-87 (5th Cir. 2017)), adopted, 2019 WL 2572538 (W.D. Tex. Feb. 11, 2019).  Accordingly, where, as here, a plaintiff is challenging a prosecutor's actions "intimately associated with the judicial phase of the criminal process," his

claims must fail because the prosecutor's actions are ones to which "absolute immunity appl[ies] with full force."  Imbler v. Pachtman, 424 U.S. 409, 430 (1976).[5]

Further, to the extent, if any, that plaintiff is perhaps attempting to hold Connick liable for the actions of his subordinates, Fisher and Wallis, that simply is not permissible in a § 1983 action. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) ("In a § 1983 suit ... – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer.  Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Sanchez v. Young County, 866 F.3d 274, 281 (5th Cir. 2017) ("Supervisors cannot be held liable for constitutional violations … if they had no personal involvement."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").

Lastly, if plaintiff is attempting to assert any official-capacity claims against Connick,[6] no such claims have been properly pled.  The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities.  Therefore, we advert to the

---

[5] The United States Supreme Court has opined:

> To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.  But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest.  It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.  Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice.

Imbler, 424 U.S. at 427-28 (1976) (footnote omitted).

[6] Only Connick would be a proper defendant with respect to an official-capacity claim because, as the District Attorney, he "is the independent and final official policymaker for all of the administrative and prosecutorial functions of his office."  Burge v. Parish of St. Tammany, 187 F.3d 452, 469 (5th Cir. 1999).  In that Assistant District Attorneys are not policymakers for the Jefferson Parish District Attorney's Office, Fisher and Wallace would not be proper defendants with respect to any official-capacity claims.  See Truvia v. Julien, 187 F. App'x 346, 350 (5th Cir. 2006).

8

> Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). The Fifth Circuit has further held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003).

In the instant case, plaintiff does not allege that the purported violations here stemmed from an official policy or custom, much less identify such a policy or custom. Therefore, no official-capacity claims have been properly stated against Connick. See, e.g., Dantin v. Larose, Civ. Action No. 18-11233, 2018 WL 7499824, at *2 (E.D. La. Dec. 28, 2018), adopted, 2019 WL 969990 (E.D. La. Feb. 28, 2019).

### D. Leon Russo

The final defendant, Leon Russo, is a private individual. The § 1983 claims against him therefore fail because a private individual is not considered to be person acting under color of state

9

law merely because he is involved in a criminal prosecution being pursued by governmental officials. See, e.g., Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988) (noting that a private citizen who provides information to police is not a "state actor"); Pleasant v. Carraway, No. 94-10272, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (finding that "[a] private individual complainant in a criminal prosecution does not act under color of law," even if the police relied upon the individual's sworn complaint in arresting and charging the plaintiff); Guillot v. Coastal Commerce Bank, Civ. Action No. 10-2092, 2010 WL 4812959, at *3 (E.D. La. Nov. 19, 2010) (Zainey, J.) ("[T]he law is clear that private parties do not become state actors when they merely call upon law enforcement for assistance. Private citizens who provide information to the police do not become state actors for purposes of § 1983 when the police rely upon that information to effect an arrest. And it does not matter that the citizen knew that the information given to police was false." (citations omitted)). Accordingly, the claims against Russo should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 23rd day of November, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**